IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

BONDARY McCALL                                                                            PLAINTIFF
REG. #43827-019

V.                                    NO.  2:08cv00076 JLH-JWC

ANGELA CLAY, et al                                                                      DEFENDANTS

ORDER

Plaintiff is a pro se inmate currently confined to the Federal Correctional Institution in Forrest City, Arkansas. On March 25, 2008, Plaintiff filed what he entitled an "emergency motion for injunctive and declaratory relief to compel respondents performance of their official duties as state official and to prohibit them from allowing their employee to direct how they perform their official notary duties" in St. Francis County Circuit Court (Case No. CV-2008-108-2). On April 30, 2008, and pursuant to 28 U.S.C. § 1442(a)(1), Defendants exercised their statutory right to remove Plaintiff's case to federal court (doc. 1), specifically, to the United States District Court for the Eastern District of Arkansas.

By order entered September 8, 2008 (doc. 22), Plaintiff was directed to file, on or before October 9, 2008, an amended complaint that specifically answered four questions posed by the Court.[1] Plaintiff was also directed to respond to Defendants' motion to dismiss on or before October 24, 2008. Plaintiff was last advised if he made no motion to amend or join the identified "John & Jane Doe" parties as Defendants on or before January

---

[1] 1) how <u>each of the Defendants</u> (Clay, Wallace, and McCoy) was personally involved in the actions of which he complained; 2) how <u>each of the Defendants</u> (Clay, Wallace, and McCoy) violated his constitutional rights; 3) whether he was alleging that Defendants denied him access to the courts, and if so, a full explanation of how he suffered any prejudice or actual injury as a result of Defendants' alleged conduct; and 4) whether he sued Defendants in an individual capacity, official capacity, or both.

7, 2009, subject to extension for good cause, the Doe Defendants would be subject to dismissal. This Court then warned Plaintiff that his failure to make a timely and complete response to its order would result in the recommended dismissal of his case without prejudice.

In response to the Court's order Plaintiff has filed a motion to stay all proceedings (doc. 24). Plaintiff's motion is essentially a motion for remand of his case to state court. He argues that the statute under which the case was removed, 28 U.S.C. § 1442(a), is not applicable because Defendants were acting in their capacities as state officials, that is, notary publics commissioned by the State of Arkansas. Defendants have responded to Plaintiff's motion (doc. 25) and contend that his request for remand is untimely[2] and that the requirements of the removal statute have been met.[3] The Court agrees.

In accordance with the above, IT IS, THEREFORE, ORDERED that:

1. Plaintiff's motion to stay all proceeding (doc. 24) is DENIED.

2. All deadlines imposed by the Court's September 8, 2008, order remain in effect.

**Plaintiff is advised that if he is unwilling to litigate this matter in federal court he may file a motion to voluntarily dismiss this action without prejudice.**

IT IS SO ORDERED this 3rd day of October, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] See 28 U.S.C. § 1447(c).

[3] See 28 U.S.C. § 1442(a)(1).