IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

BONDARY McCALL                                                                                           PLAINTIFF
REG. #43827-019

V.                                          NO.  2:08cv00076 JLH-JWC

ANGELA CLAY, et al                                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### I. Instructions

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR  72201-3325

## II.  Recommended Disposition

Plaintiff is a pro se inmate currently confined to the Federal Correctional Institution in Forrest City, Arkansas.  On March 25, 2008, Plaintiff filed what he entitled an "emergency motion for injunctive and declaratory relief to compel respondents performance of their official duties as state official and to prohibit them from allowing their employee to direct how they perform their official notary duties" in St. Francis County Circuit Court (Case No. CV-2008-108-2).  On April 30, 2008, and pursuant to 28 U.S.C. § 1442(a)(1), Defendants exercised their statutory right to remove Plaintiff's case to federal court (doc. 1), specifically, to the United States District Court for the Eastern District of Arkansas.  On May 9, 2008, Plaintiff's case was assigned to United States Magistrate Judge H. David Young (doc. 4).  On August 19, 2008, Plaintiff's case was reassigned to Magistrate Judge Jerry W. Cavaneau due to Judge Young's recusal in the proceeding (doc. 14).

Despite Plaintiff's jurisdictional statement to the contrary, he essentially filed a Bivens action[1] pursuant to 28 U.S.C. § 1331.  Suits by prisoners against government officials are subject to the provisions of the Prison Litigation Reform Act of 1996 ("PLRA").  The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A.  Accordingly, this Court screened Plaintiff's complaint under § 1915A and determined that an amendment of the original complaint was necessary.  By order entered September 8, 2008 (doc. 22), Plaintiff was directed to amend his complaint on or before October 9, 2008, to specifically state: 1) how each of the Defendants (Clay, Wallace, and McCoy) was personally involved in the actions of which he complained; 2) how each of the Defendants (Clay, Wallace, and McCoy) violated his constitutional rights; 3) whether he was alleging that Defendants denied him access to the courts, and if so, a full explanation of how he suffered any prejudice or actual injury as a result of Defendants' alleged conduct; and 4) whether he sued Defendants in an individual capacity, official capacity, or both.  Plaintiff was instructed to set forth specific facts concerning his allegations including, where applicable, dates, times and places.

In addition, the Court's September 8, 2008, order noted that Defendants had filed a motion to dismiss (or, in the alternative, a motion for summary judgment) and brief in support (doc. 8, 9) seeking to dismiss Plaintiff's complaint on the grounds that he had failed

---

[1] Since Plaintiff is a federal inmate alleging a constitutional violation against federal defendants, his claims are brought pursuant to Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), which established that the victims of constitutional violations by federal agents have a right to recover damages against the official in federal court, just as 42 U.S.C. § 1983 provides redress for constitutional violations by state officials.

to exhaust his administrative remedies, he had failed to state a claim upon which relief could be granted, and his claims were barred by the doctrine of sovereign immunity. Plaintiff was afforded a new opportunity to file a responsive pleading opposing Defendants' motion to dismiss and was directed to file that pleading on or before October 24, 2008. Plaintiff was also advised to file a separate, short and concise statement setting forth the facts which he thought needed to be decided at a trial.[2]

Plaintiff was warned that his failure to make a timely and complete response to the Court's order to amend and to respond to the dispositive motion would result in a recommended dismissal of his case without prejudice. The Court's September 8, 2008, order has not been returned and no relevant responsive filings have been received from Plaintiff, despite the Clerk's certification that a copy of the order was mailed to him personally the same day as entered at his last given address at the Federal Correctional Institution.[3] For this reason, Plaintiff's case should be dismissed without prejudice due to his failure to prosecute the action diligently and his failure to respond to the Court's order. Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (district court has power to dismiss sua sponte under Rule 41(b)); Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order; such a dismissal may be with prejudice if there has been "'a clear record of delay

---

[2] Defendants had also filed a statement of facts (see doc. 10).

[3] Plaintiff did send this Court income tax information and releases which were returned to him as well as a request for disclosure of bond information (doc. 28), both non-responsive.

or contumacious conduct by the plaintiff'") (emphasis added); Garrison v. Int'l Paper Co., 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

### III. Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's case should be DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE.

2. Any PENDING MOTIONS should be DENIED AS MOOT.

3. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any order adopting this recommendation, and any judgment entered thereunder, would not be taken in good faith.

DATED this 29th day of October, 2008.

_____
UNITED STATES MAGISTRATE JUDGE